UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARVIN R. DAVIS,

      Petitioner,                           Case No. 4:16-cv-10349
                                          Hon. Linda V. Parker

v.

CATHERINE BAUMAN,

      Respondent.

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Earvin Davis ("Petitioner"), a Michigan Department of Corrections' inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a life sentence for his Wayne Circuit Court guilty plea conviction of second-degree murder in violation of Michigan Compiled Laws § 750.317. Petitioner raises a single claim in support of his request for habeas relief: Petitioner was denied his right to counsel at his initial court appearance when he was arraigned on the warrant before a state magistrate judge. The Court is summarily denying the petition for writ of habeas corpus because Petitioner's claim is without merit. The Court also is denying Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

According to Petitioner, on September 23, 1991, he appeared before a state magistrate judge to be arraigned on the criminal complaint. Petitioner alleges that he was informed of the charges against him, restrained of his liberty, and ordered to stand mute– all without the presence of counsel. Petitioner claims that this violated his constitutional rights. Petitioner fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts also are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Similarly, the court may summarily dismiss a petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

"It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.' " *Marshall v. Rodgers*, -- U.S.-- , 133 S. Ct. 1446, 1449 (2013) (per curiam) (quoting *Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004)). The right to counsel attaches during "the first appearance before a judicial officer at which a defendant

is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 194 (2008). Critical stages include those in which: (1) "available defenses may be irretrievably lost, if not then and there asserted[;]" (2) "rights are preserved or lost[;]" (3) "[c]ounsel's assistance . . . [is] necessary to mount a meaningful defen[s]e[;]", (4) "potential substantial prejudice" may result to the defendant's case without counsel's assistance, or (5) the proceeding "holds significant consequences for the accused." *Van v. Jones*, 475 F.3d 292, 312 (6th Cir. 2007) (internal quotation marks and citations omitted).

None of these factors apply to preliminary arraignments on the warrant under Michigan law. *See Lundberg v. Buchkoe*, 389 F.2d 154, 158 (6th Cir. 1968) (concluding that in Michigan, arraignment and preliminary examination proceedings, in and of themselves, do not constitute a critical stage of the proceedings); *Meriweather v. Burton*, No. 15-1126, 2015 WL 74500068, at *4 (6th Cir. Nov. 24, 2015) (citing *Lundberg*) (same); *cf.*, *Hamilton v. Alabama*, 368 U.S. 52, 54 (1961) (arraignment under Alabama law is critical stage in a criminal proceeding because available defenses may be as irretrievably lost, if not then and there asserted). Petitioner does not allege special circumstances that might suggest the proceedings were critical. There is no allegation that he made an incriminating statement, entered a guilty plea, or lost or waived any defense. *See Lundberg*, 389

F.2d at 158; *see also Doyle v. Scutt*, 347 F. Supp. 2d 474, 481 (E.D. Mich. 2004).

Petitioner simply stood mute to the charges.

Accordingly, Petitioner's claim is subject to summary dismissal, as other judicial officers in this District have similarly found. *See Miller v. Haas*, No. 2:15-cv-10166, 2015 WL 457787 (E.D. Mich. Feb.3, 2015); *Giles v. Haas*, 2014 U.S. Dist. LEXIS 139953, 2014 WL 4965945 (E.D. Oct. 2, 2014); *Tillman v. Haas*, No. 2:15-cv-10099, 2015 WL 457743 (E.D. Mich. Feb. 3, 2015); *Mills v. Maclaren*, No. 2:15-cv-10505, 2015 WL 1966859 (E.D. Mich. Apr. 30, 2015). In addition to denying the petition for writ of habeas corpus, the Court denies Petitioner a certificate of appealability. In order to obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the petitioner is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Stated differently, when a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id*. at 484. For the reasons stated in this opinion, the Court finds that Petitioner fails to make a substantial showing of the

denial of a federal constitutional right.  The Court also denies Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.  *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal in forma pauperis.

**IT IS FURTHER ORDERED** that the Motion to Expand the Record and Amend and Supplement Pleadings [ECF No. 4] is **DENIED** as **MOOT.**


s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 17, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 17, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

5